O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZMIK Z., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. 2:19-cv-08970-KES <br><br> MEMORANDUM OPINION AND ORDER |

**I.**

**PROCEDURAL BACKGROUND**

In March 2016, Plaintiff Razmik Z. ("Plaintiff") applied for Title II social security disability benefits, alleging that he became disabled on June 3, 2015. Administrative Record ("AR") 178-79, 196-97. On April 12, 2018, the Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, testified along with a vocational expert ("VE"). AR 52-95. On September 5, 2018, the ALJ issued an unfavorable decision. AR 12-34. The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease and stenosis of the lumbar spine, the cervical and thoracic spine; and obesity." AR 18. Despite these impairments, the ALJ found

that Plaintiff had the residual functional capacity ("RFC") to perform light work

> … except [he] requires [an] option to sit and stand at will and remain at the workstation and be productive. [He] can frequently climb ramps and stairs, balance, kneel and crawl. [He] can occasionally climb ladders, ropes or scaffolds, stoop and crouch. [He] must avoid concentrated exposure to extreme cold. [He] must avoid moderate exposure to vibrations, dangerous moving machinery and unprotected heights.

AR 21, citing 20 C.F.R. § 404.1567(b).

Based on this RFC and the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as an auto salesperson, Dictionary of Occupational Titles ("DOT") code 273.353-010. AR 28. The ALJ concluded that Plaintiff was not disabled. AR 29.

## II.
## ISSUE PRESENTED

This appeal presents the sole issue of whether substantial evidence[1] supports that ALJ's findings that Plaintiff could perform his past relevant work as generally and actually performed. (Dkt. 16, Joint Stipulation ["JS"] at 4.)

At step four of the sequential evaluation process, "claimants have the burden of showing that they can no longer perform their past relevant work." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). To find a claimant not disabled, the ALJ need only find that he can still do his past relevant work either as he actually

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantial evidence threshold "is not high." Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence means more than a mere scintilla, but less than a preponderance." Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir. 1988) (citations omitted).

1   performed the job or as the job is generally performed.  20 C.F.R. § 404.1520(e).

2   Here, Plaintiff argues that both of the ALJ's findings lack substantial
3   evidentiary support due to the sit/stand option in his RFC.  Regarding the "as
4   actually performed" finding, Plaintiff argues that the VE's testimony is
5   speculative, because Plaintiff never disclosed whether his past employer offered a
6   sit/stand option, and the ALJ never asked.  (JS at 9.)  Regarding the "as generally
7   performed" finding, Plaintiff argues that the VE's testimony is "facially
8   unreasonable," because "common sense" informs anyone who has ever visited a
9   car dealership that the salespersons cannot sit or stand at will.  (JS at 8.)

## III.

## DISCUSSION

### A. Relevant Administrative Proceedings.

Per the Job History section of his Disability Report, Plaintiff worked as an auto salesman from January 2008 to June 2015.  AR 198.  He worked 8 hours/day, 6 days/week.  AR 225.  His job duties included "walking and standing in and around the dealership area; talk[ing] to potential buyers, prepar[ing] sales paperwork."  Id.  He estimated that he spent 1 hour/day walking, 1 hour/day sitting, and 6 hours/day standing.  Id.  He used a chair at the dealership and sometimes interacted with potential customers while seated.  AR 82.

The VE classified Plaintiff's past work as light, both as actually performed and as generally performed, consistent with the DOT.  AR 89.  Per the DOT, the duties of an auto salesperson include the following:

> Sells new or used automobiles, trucks, and vans on premises of
> vehicle sales establishment: Explains features and demonstrates
> operation of car in showroom or on road.  Suggests optional
> equipment for customer to purchase.  Computes and quotes sales
> price, including tax, trade-in allowance, license fee, and discount, and
> requirements for financing payment of vehicle on credit.

3

DOT 273.353-010.

The ALJ asked if a hypothetical person with Plaintiff's RFC including "a sit/stand option" could work as an auto salesperson. AR 90. The VE answered yes, both as actually and as generally performed. Id. The VE also identified other light jobs that the hypothetical person could do: bench assembler, gluer, and textile assembler. AR 91. The VE testified that her answers were consistent with the DOT but acknowledged that the DOT does not address "sitting and standing, alternating." Id. Her testimony about the availability of a sit/stand option for the identified jobs was based on her "experience." AR 92.

Plaintiff's counsel accepted the VE's qualifications (AR 277) and did not question her. AR 88, 92. Relying on the VE's testimony, the ALJ found that Plaintiff could perform the job of auto salesperson both "as it is generally performed in the national economy and as it was actually performed" by Plaintiff. AR 28-29.

In November 2018, Plaintiff submitted a letter brief in support of his request for Appeals Council review. AR 175-77. That brief mentions neither the RFC's inclusion of a sit/stand option nor the VE's testimony. Instead, the brief argues that the ALJ erred in evaluating the medical evidence and Plaintiff's symptom testimony, causing that ALJ to overstate Plaintiff's exertional abilities in the RFC and wrongly conclude that he could still work was an auto salesperson. Id.

**B. Waiver.**

As a threshold issue, Defendant argues that Plaintiff waived his current challenges to the reliability of the VE's testimony by failing to raise them during administrative proceedings. (JS at 15.) When a claimant is represented by counsel, he must raise all issues and evidence before the Commissioner "in order to preserve them on appeal." Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended); accord Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017). The rationale underlying this waiver doctrine is that the administrative

decision-makers, rather than the federal courts, are in an "optimal position" to develop the record and resolve evidentiary conflicts. Meanel, 172 F.3d at 115.

### 1. Plaintiff Did Not Challenge the VE's Testimony During the Administrative Proceedings.

Plaintiff first argues that by raising the general issue of whether the ALJ erred at step four, he preserved all claims of step-four error on appeal, including his current challenges to the VE's testimony. (JS at 10.) In support of this argument, Plaintiff cites Jose Alfredo G. v. Saul, 2019 WL 6652086 (S.D. Cal. Dec. 5, 2019) and Susan M. v. Berryhill, 2018 WL 4692468 (D. Or. Aug. 24, 2018). (Id.)

In Jose Alfredo G., 2019 WL 6652086 at *3, the claimant preserved his challenge to the VE's testimony about the available number of jobs by presenting alternative statistical evidence to the Appeals Council. In Susan M., the ALJ found that the claimant acquired transferable "merchandising skills" and could do alternative occupations based on those transferable skills, relying on the VE's testimony. 2018 WL 4692468 at *3. On appeal, the claimant challenged the value of the VE's testimony about transferrable skills, and the district court found that she had preserved this issue by asking the VE at the hearing how she "acquired the merchandising sales skills" and briefing the claimed error to the Appeals Council.[2] Id. at *4.

---

[2] Other cases similarly hold that raising a specific claim of error to the Appeals Council preserves it for purposes of appeal to the district court. See, e.g., Lugo v. Comm'r of Soc. Sec., No. 1:18-cv-0807-JLT, 2019 U.S. Dist. LEXIS 146778, at *15 (E.D. Cal. Aug. 27, 2019) (finding plaintiff did not waive claim that ALJ erred by failing to acknowledge vocational analysis submitted by Plaintiff's expert, because she raised that issue to the Appeals Council); Perez v. Saul, No. CV 18-8125 SS, 2019 U.S. Dist. LEXIS 141444, at *9 (C.D. Cal. Aug. 20, 2019) (finding plaintiff did not waive claim that ALJ erred by finding her janitorial work qualified as substantial gainful activity and past relevant work, because she raised those issues to the Appeals Council).

1          Neither Jose Alfredo G. nor Susan M. supports Plaintiff's argument that
2   raising *some* step-four error during the administrative proceedings (such as arguing
3   that the ALJ wrongly found Plaintiff could work as an auto salesperson because
4   she overstated Plaintiff's exertional abilities [AR 176]) preserved *all* potential step-
5   four errors for appeal.  Such a rule would be contrary to the wavier doctrine's
6   purpose articulated in Meanel, i.e., to incentive litigants to raise specific issues
7   during the administrative proceedings so that the ALJ or Appeals Council can
8   develop the record and weigh relevant evidence before judicial review.  If Plaintiff
9   had raised to the Appeals Council his challenge to the VE's sit/stand option
10  testimony, then the Appeals Council could have directed the ALJ to obtain
11  additional testimony from the VE or from Plaintiff about how he actually
12  performed his prior job.  The VE could have responded to counsel's questions
13  about how test drives and other job duties are compatible with a sit/stand option.
14  Plaintiff could have submitted evidence from his own vocational expert.  None of
15  that occurred, however, because Plaintiff never raised these issues during
16  administrative proceedings.
17         Following Shaibi, multiple unpublished Ninth Circuit decisions have found
18  wavier where a claimant failed to challenge particular aspects of the VE's
19  testimony during administrative proceedings.  See, e.g., Hurtado v. Berryhill, 749
20  F. App'x 663, 664 (9th Cir. 2019) ("Because Hurtado did not raise either issue
21  [concerning whether the VE properly characterized his past relevant work], present
22  any evidence, or challenge the vocational expert's testimony at the administrative
23  hearing, those arguments are forfeited."); Mojarro v. Berryhill, 746 F. App'x 672,
24  675-76 (9th Cir. 2018) ("Mojarro waived his argument that he could not perform
25  the jobs identified by the [VE] due to his eyesight or hearing by failing to
26  challenge this during the administrative proceeding."); Frugoli v. Berryhill, 733 F.
27  App'x 907, 907-08 (9th Cir. 2018) (By failing to 'even obliquely suggest that the
28  VE's' occupational-requirements opinion 'might be unreliable at any point during

administrative proceedings[,]' Frugoli forfeited his argument."); see also Pence v. Comm'r of SSA, No. CV-18-00218-TUC-JAS (DTF), 2019 U.S. Dist. LEXIS 163166, *10 (D. Ariz. June 26, 2019) (holding Pence waived challenge to VE's classification of prior work by failing to raise that specific issue to the Appeals Council). Plaintiff's situation is more similar to these cases. By never raising a challenge to the VE's testimony during administrative proceedings, Plaintiff waived the issues presented by his appeal.

**2. The VE's Testimony Did Not Obviously Conflict with the DOT.**

When the VE's testimony presents an "obvious or apparent" conflict with the DOT, the ALJ must obtain a reasonable explanation for the conflict. Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). Counsel's failure to object does not waive a claim of error if the ALJ failed to discharge this duty. Lamear v. Berryhill, 865 F.3d 1201, 1206 (9th Cir. 2017) (holding "a counsel's failure does not relieve the ALJ of his express duty to reconcile apparent conflicts [between the DOT and the VE's testimony] through questioning.") Citing Lamear, Plaintiff argues that this exception to the waiver doctrine applies, because an auto salesperson's job duties present an obvious or apparent conflict with a sit/stand option. (JS at 10, 16 ["The Commissioner claims that an option to sit and stand at will does not present an inherent conflict with the DOT. But such an assertion requires the suspension of common sense."].)

The Court is unpersuaded by this argument. In an unpublished decision, the Ninth Circuit has held that because the DOT does not address which jobs offer a sit/stand option, VE testimony about sit/stand options necessarily does not conflict with the DOT. Dewey v. Colvin, 650 F. App'x 512, 514 (9th Cir. 2016) ("A conflict must exist between the VE's testimony and the DOT in order to trigger the ALJ's responsibility to resolve the conflict. Here, the DOT is silent on whether the

jobs in question allow for a sit/stand option. There is no conflict.")[3]

Even disregarding Dewey and allowing that there could be an "obvious or apparent" conflict between a sit/stand option and the DOT's description of a job, the auto salesperson job does not present such a conflict. One can imagine an auto salesperson spending a significant amount of time at a desk (where sitting or standing is feasible) to complete paperwork, review online information, talk with customers, or return phone calls. One can imagine a showroom with chairs near the displayed cars, such that salespersons and customers could sit or stand while interacting. One can imagine an auto salesperson explaining a car's features either by sitting in the car or standing by the open door. Since opportunities for sitting and standing are potentially available while performing the job's duties, the VE's testimony based on her experience that the job can generally be performed with a sit/stand option does not present an "obvious or apparent" conflict with the DOT.

Plaintiff argues that per the DOT, auto salespersons conduct test drives, and a salesperson cannot stand at will during a test drive, creating a conflict between the DOT and the VE's testimony. (JS at 8.) The Court declines to interpret the language of Plaintiff's RFC (requiring an "option to sit and stand at will and remain at the workstation and be productive" [AR 21]) in the extreme manner urged by Plaintiff. This language refers to sitting or standing while "at the workstation." It is most reasonably interpreted as requiring a sit/stand option for *most* workplace tasks – not mandating the ability to stand at will instantaneously during *all* work activities, thereby effectively restricting Plaintiff against driving. This interpretation is consistent with Plaintiff's own testimony that he could drive

---

[3] The Third, Sixth, and Seventh Circuits have also issued unpublished opinions on this issue. All found no conflict between a VE's testimony and the DOT because the DOT is silent on the sit/stand option. See Sanborn v. Comm'r, 613 F. App'x 171, 177 (3d Cir. 2015); Forrest v. Comm'r, 591 F. App'x 359, 364 (6th Cir. 2014); Zblewski v. Astrue, 302 F. App'x 488, 494 (7th Cir. 2008).

a car short distances.[4] AR 218. He regularly drove to medical appointments and to visit his mother. AR 86-97. He rode in a car to go shopping with his wife. AR 86. Such evidence supports the ALJ's ultimate step-four finding that Plaintiff could perform the duties of an auto salesperson, even the test driving duties.

### C. Analysis of Claimed Error.

While the Court finds waiver for the reasons explained above, the Court also considers the merits of Plaintiff's claim that the VE's testimony was so implausible it does not constitute substantial evidence.

"An ALJ may take administrative notice of any reliable job information, including information provided by a VE." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). "A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." Id. This means that while "VE testimony is not incontestable … at least in the absence of any contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable." Buck v. Berryhill, 869 F.3d 1040, 1051 (9th Cir. 2017).

Here, the VE testified that based on her experience, the job of auto salesperson as generally performed accommodates a sit/stand option. AR 90-92. Plaintiff introduced no contrary evidence, and there is no obvious, logical flaw in the VE's testimony based on the job duties of an auto salesperson, as discussed above. Plaintiff, therefore, fails to show legal error.

Since the ALJ's "as actually performed" finding is supported by substantial evidence (i.e., the VE's testimony) and sufficiently supports the ALJ's ultimate step-four determination that Plaintiff was not disabled, the Court need not address

---

[4] This interpretation is also consistent with other provisions of Plaintiff's RFC. One cannot sit at will while climbing a ladder, but the ALJ found that Plaintiff could occasionally climb ladders at work, apparently seeing no conflict between that functional capacity and the sit/stand option she assessed.

whether the ALJ erred in finding that Plaintiff's prior work as actually performed accommodated a sit/stand option.

## IV.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner.

DATED: June 23, 2020

_____
KAREN E. SCOTT
United States Magistrate Judge